Filed 2/18/16  P. v. Valadez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G052051 |
| v. | (Super. Ct. No. 94CF1086) |
| RICKY GALLARDO VALADEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Thomas A. Glazier, Judge.  Affirmed.

Thomas K. Macomber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Ricky Gallardo Valadez on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against his client but advised the court he found no issues to argue on his behalf. We gave Valadez 30 days to file written argument on his own behalf. That time has passed, and Valadez did not file any written argument.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The court in *Wende* explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When the appellant himself raises specific issues in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.) Here, Valadez did not file a supplemental brief raising any issues.

Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), to assist the court with its independent review, counsel provided the court with information as to issues that might arguably support an appeal. Counsel raised one issue: Did the trial court abuse its discretion when it ruled that second degree residential burglary[1] was not a qualifying felony pursuant to Penal Code section 1170.18 (all further statutory references are to the Penal Code)? We have reviewed the record in accordance with our obligations under *Wende* and *Anders,* and considered the information provided by counsel. We found no arguable issues on appeal. The judgment is affirmed.

---

[1] Although counsel raises the issue of error in the context of a second degree burglary, the record clearly indicates the conviction was for a first degree burglary.

FACTS

In September 1994, an amended information charged Valadez with violating sections 459, 460, subdivision (a), and 461.1 (first degree burglary of inhabited dwelling house) (count 1). The amended information alleged Valadez had two prior serious convictions pursuant to section 667, subdivision (a)(1), and alleged two strikes pursuant to section 667, subdivisions (d) and (e). In February 1995, after a jury convicted Valadez of first degree residential burglary, the trial court sentenced him to 25 years to life for count 1. In January 2015, Valadez filed a petition for resentencing pursuant to section 1170.18. The trial court heard and denied the petition.

DISCUSSION

Section 1170.18 provides, in part: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with [s]ections 11350, 11357, or 11377 of the Health and Safety Code, or [s]ection[s] 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

Valadez's conviction for first degree burglary is not a felony described in section 1170.18. Thus, the trial court correctly determined he was ineligible for resentencing.

DISPOSITION

The judgment is affirmed.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


MOORE, J.


4